Territorial Law Library

## IN THE SUPERIOR COURT OF GUAM

SALOMAE G. NAUTA,

             Plaintiff,

        v.

MARIA P. NAUTA and ANTONIO SABLAN,

             Defendants.

CASE NO. CV0322-09

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter came before the Honorable Alberto C. Lamorena, III, on July 1, 2013 for a Bench Trial. Attorney Jeffrey A. Cook represented Plaintiff Salomae Nauta. Attorney John C. Terlaje represented Defendants Maria Nauta and Antonio Sablan. The Court now issues its Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. Plaintiff Salomae Nauta was married to the late Patrick J. Nauta.

2. Defendant Maria P. Nauta is the mother of the late Patrick J. Nauta.

3. At the time of his death in October of 2008, Patrick Nauta owned a boat.

4. The boat was purchased in the mid-1980's.

5. The boat was purchased for $1,000.

6. The boat was purchased, at least in part, by money provided by Defendant Maria Nauta.

7. The boat was manufactured some time in 1969; at the time of trial, the boat was forty-four (44) years old.

8. Around 2005, Defendant Maria P. Nauta purchased a new engine for the boat and gave the engine to Patrick J. Nauta "from her heart."

9. The boat spent a significant amount of time unprotected and exposed to the elements.

10. The boat was often parked nearby and underneath trees.

11. Leaves and fruit from the trees would fall and land inside and on the boat.

12. On more than one occasion since 2005, the boat experienced mechanical failures.

13. Plaintiff Salomae Nauta and of her children had not been out on the boat for years before Patrick J. Nauta's death.

14. On one occasion, the boat stranded Patrick J. Nauta and his party at sea and had to be towed back into harbor.

15. At some point after being stranded, Patrick J. Nauta asked Defendant Antonio Sablan to assist in repairing the boat.

16. During repairs, malfunctioning equipment and other components were removed from the boat by Patrick J. Nauta or at his command.

17. While the boat was undergoing repairs, Patrick J. Nauta fell ill and eventually passed away.

18. After Patrick J. Nauta's death, Defendant Antonio Sablan removed the engine as instructed by Defendant Maria P. Nauta.

19. No direct evidence was presented as to the value of the missing engine either at the time of its purchase or at the time of its removal. Evidence was received that an appropriate engine for the boat purchased today would cost approximately eight thousand dollars ($8,000). Taking into account the missing engine's purchase eight years ago, its subsequent depreciation due to time, wear, and apparent subjectivity to break-downs, this Court estimates the value of the engine at the time of its removal to be one thousand dollars ($1,000).

20. The boat was recovered by the family of Plaintiff Salomae Nauta after the removal of the engine.

21. After its recovery, the boat was again parked in a manner exposing it to the elements.

## CONCLUSIONS OF LAW

1. Due to its age and prolonged exposure, the boat was in a state of disrepair before being sent to Defendant Sablan for assistance in repairs.

2. Plaintiff offers no evidence as to what was removed from the boat before it was recovered in the midst of repairs.

3. Plaintiff failed to mitigate damages after the boat was recovered.

4. A gift is a transfer of personal property, made voluntarily, and without consideration. 19 G.C.A. § 41301. A gift, other than a gift in view of death, cannot be revoked by the giver. 19 G.C.A. § 41303. The engine purchased for the boat around 2005 was given by Defendant Maria P. Nauta to Patrick J. Nauta was given voluntarily and without consideration. As such it is a gift. Defendant Maria P. Nauta could not legally revoke the gift and as such had no claim of ownership to the engine.

5. Neither Defendant is subject to liability for the condition of the boat prior to its recovery by Plaintiff as its condition is attributable to its age, exposure, and ongoing repair by either Patrick J. Nauta's hand or command.

6. The Superior Court of Guam has previously recognized the elements of a conversion claim to be a demonstration of "the plaintiff's ownership or right to possession of the property at the time of conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." TRI Enterprises, Inc. v. Cesar Villanueva et al, CV1016-07 March 30, 2009 Decision and Order at 16 (quoting Farmers Ins. Exchange v. Zerin, 53 Cal.App.4th 445, 451 (Cal. App. 1997)). Here, Patrick J. Nauta had an absolute right to the possession and use of the engine. When Defendant Maria Nauta instructed Defendant Sablan to remove the engine and give it to her, Sablan's compliance dispossessed the estate of Patrick J. Nauta of property. This removal resulted in damages. Therefore, Defendants are liable for conversion.

7. The detriment caused by the wrongful conversion of personal property is presumed to be: First, the value of the property at the time of the conversion, with the interest from that time, or where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the judgment, without interest, at the

option of the injured party; and Second, A fair compensation for the time and money properly expended in pursuit of the property. 20 G.C.A. § 2228. As stated *supra*, this Court estimates the value of the engine at the time of conversion to be one thousand dollars ($1,000).

8. For their conversion of the property, Defendants are liable to Plaintiff for one thousand dollars ($1,000).

## CONCLUSION

Based on these findings of fact and conclusions of law the Court finds that judgment shall be entered for plaintiff, Salomae G. Nauta, in the amount of $1,000. As the prevailing party in this action for damages, plaintiff is awarded reasonable costs pursuant to the provisions of 7 GCA § 26602 and interest at the prevailing judgment interest rate pursuant to Title 18 GCA § 47106. Plaintiff is hereby ordered to submit a judgment consistent with this Decision.

It is **SO ORDERED** this 29th day of October, 2013.

Original Signed By:
Hon. Alberto C. Lamorena III

HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

OCT 2 9 2013

Esther L. Pinaula
Deputy Clerk, Superior Court of Guam



ORIGINAL